Robert J. Hommel, Bar No. 009725
Robert J. Hommel, P.C.
9304 E. Raintree Drive, Suite 100
Scottsdale, Arizona 85260
Phone: (480) 778-0123 / Fax: (480) 951-5033
rhommel@hommelpc.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KRISTEN RUPPERT; J.R., by and through BRIAN HEIDER, his *Guardian ad Litem*; and K.R., by and through HENRY LYNN MASSEY, her *Guardian ad Litem*,<br><br>Plaintiffs,<br><br>vs.<br><br>MARKEL AMERICAN INSURANCE COMPANY.<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>Demand for Jury Trial |

Plaintiffs Kristen Ruppert, Henry Lynn Massey and Brian Heider, through their attorneys, allege:

**I.   JURISDICTION AND VENUE**

1. There is complete diversity between Plaintiffs and Defendant and this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(3). This is a civil action and involves, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact in this action is wholly between citizens of different states and in which citizens or subjects of a foreign state are additional parties.

1

2. The District of Arizona is an appropriate venue under 28 U.S.C. § 1391(b)(2) and (3).

3. Plaintiff Kristen Ruppert is the surviving spouse of John Ruppert who was electrocuted on June 9, 2016 on the houseboat Zephyr while vacationing on Lake Powell with his family. J.R. and K.R. are minor biological children of John Ruppert and Kristen Ruppert. Henry Lynn Massey is decedent's stepfather and is Guardian ad Litem for K.R. Brian Heider is decedent's friend and is Guardian ad Litem of J.R. All Plaintiffs are residents of California.

4. Defendant, Markel American Insurance Company ("Markel"), is a corporation organized and existing under the laws of the state of Virginia, with its corporate headquarters located at 4521 Highwoods Parkway, Glen Allen, Virginia 23060.  It is actively doing business in Arizona in connection with the solicitation and sale of insurance products including marine insurance.

5. Zephyr Houseboat, L.L.C. ("Zephyr LLC") is a limited liability company organized and existing under the laws of the State of Arizona with its principal place of business at 612 Haul Road, Page, Arizona. Zephyr LLC holds the legal title for the houseboat Zephyr. The sole owners of Zephyr LLC are William West and Margaret West, husband and wife, residing in Page, Arizona.

6. Zephyr LLC was issued a policy of helmsman yacht insurance coverage by Markel providing protection and indemnity coverage, Policy No. MHY00000188906, in the amount of $500,000 per occurrence effective 7/6/2015 to 7/6/2016. Additional insureds under the policy included two other entities, Lake-Time, LLC. ("Lake-Time") and Houseboat Maintenance Services, Inc. ("HMS"). A copy of this policy is attached as Exhibit A.

7. Lake-Time, L.L.C. ("Lake-Time") is a limited liability company organized and existing under the laws of the State of Arizona with its principal place of business at 612 Haul Road, Page, Arizona. The sole owners of Lake-Time are William West and Margaret West.

8. Houseboat Maintenance Services, Inc. ("HMS") is a corporation organized and existing under the laws of the State of Arizona with its principal place of business at 612 Haul Road, Page, Arizona. The sole shareholders of HMS are William West and Margaret West.

9. HMS was issued a policy of marine composite insurance coverage, (Policy No. OMH 5335485 05), by Great American Insurance Company ("Great American"), effective 4/30/2016 to 4/30/2017, providing commercial marine liability coverage in the amount of $1,000,000 per occurrence. HMS was the named insured and William "Bill" West d/b/a Lake-Time and Lake-Time, LLC are additional insureds under the policy.

## II. FACTS COMMON TO ALL CLAIMS

10. On June 9, 2016, John Ruppert was electrocuted onboard the houseboat Zephyr while vacationing on Lake Powell with his family.

11. John Ruppert was survived by his wife and children, Plaintiffs herein, who filed civil action against Lake-Time, HMS, Zephyr LLC, and William and Margaret West ("Lake-Time defendants"), Civil Action No. 5:17-cv-01377 in U.S. District Court, Central District of California, seeking damages for his wrongful death in their capacity as statutory beneficiaries under California law (the "prior litigation").

12. Plaintiffs alleged in the prior litigation that the accident was the result of negligence of the Lake-Time defendants and requested damages for loss of consortium and additional damages allowed by law.

13. The Lake-Time defendants tendered defense and indemnity claims to Great American and Markel. Great American accepted defense of the claim and it eventually agreed to make $950,000 of its $1,000,000 indemnity limits available to Plaintiffs with the remaining $50,000 available to satisfy a separate claim arising from the same event. Markel, on the other hand, denied both coverage and litigation defense to Defendants by its letter dated September 5, 2017, Exhibit B.

3

14. The prior defendants moved to dismiss or transfer to the District Court of Arizona on September 11, 2017. Following briefing, on October 10, 2017, the Central District of California Court denied the motion to dismiss but granted the motion to transfer to the District of Arizona. The action remained venued in Arizona until conclusion.

15. Throughout the prior litigation the parties engaged in settlement discussions. Among the information considered was the financial condition of the prior defendants and their available insurance. The prior defendants' financial condition was considered poor and there were just two policies of insurance, one from Great American and the Markel policy. Discussions between counsel included whether both insurers would make their policy limits available for settlement purposes. Plaintiffs were advised that Great American was willing to make its policy limit available, but Markel was not, as it had refused coverage.

16. Markel had received timely notice of claim following John Ruppert's electrocution and it received a copy of the complaint in the prior litigation. By thereafter denying coverage and refusing defense to the prior defendants, Markel made clear it would not entertain any settlement offer. Based on Markel's denial the prior defendants reasonably believed and represented to plaintiffs that Markel would not contribute anything toward settlement. Plaintiffs reasonably relied on those representations.

17. The prior defendants faced substantial risk of a jury verdict much greater than their combined liability protection limits under the Great American and Markel policies. Markel's denial of coverage and defense jeopardized Defendants, leaving them to fend for themselves and reach a deal with Plaintiffs.

18. On November 14, 2017, Plaintiffs and the prior defendants entered into an Agreement, Assignment and Covenant Not to Execute (the "Settlement Agreement") stipulating to the entry of judgment on liability and damages ("the Judgment") against the prior defendants and in favor of Plaintiffs in the amount of

$13,200,000 (thirteen million, two-hundred thousand dollars) in compensatory damages, and agreeing that the amount of the Judgment is a reasonable calculation of what a jury might reasonably award as damages in the lawsuit when considering all aspects of the case including liability, defenses, and damages. As additional consideration the prior defendants assigned their claims against Markel under the insurance policy. Plaintiffs agreed not to levy or execute against Defendants' real or individual property or assets except the policy and associated claims against Markel. A true and correct copy of the Settlement Agreement is attached as Exhibit C. This type of settlement agreement is known as a "Damron" agreement, first described in Arizona in *Damron v. Sledge*, 105 Ariz. 151, 460 P.2d 997 (1969).

19. Pursuant to the Settlement Agreement, on November 15, 2017 Great American paid $950,000 to Plaintiffs and on November 17, 2017, the Court entered the $13.2 Million Judgment against the prior defendants. On December 15, 2017, Plaintiffs moved under seal for an order approving minor settlement. The Court entered its sealed Order approving settlement on January 10, 2018.

20. On November 14, 2017, Margaret West signed an affidavit describing the process by which she obtained insurance on behalf of the prior defendants from Markel, her expectations of coverage, and her communication regarding Markel Insurance to the Ruppert family following the electrocution of John Ruppert. A true and correct copy of the affidavit is attached as Exhibit D and incorporated herein verbatim.

**III.  LEGAL CLAIMS**

### COUNT ONE
### Breach of Contract

21. All of the above-stated allegations of the Complaint are incorporated herein by this reference.

22. Markel's policy of insurance constitutes a contract under Arizona law. Plaintiffs have standing to assert a breach of contract cause of action as assignees of rights under the policy issued by Markel to the prior defendants.

23. The prior defendants complied with all material terms required under the terms of the policy including timely providing Markel with a copy of Plaintiffs' complaint in the prior litigation and requested indemnity and defense of the claims set forth therein.

24. Under the terms of its policy, Markel agreed to "cover damages for **bodily injury** . . . for which an insured becomes legally liable through ownership, maintenance or use . . ." of the Zephyr houseboat. "**Bodily injury** means physical injury, sickness or disease sustained by a person including death resulting from any of these. Markel further agreed to "defend any suit to which this insurance applies."

25. The Markel policy included an ambiguous POLICY CHANGES ENDORSEMENT purporting to amend the owners list. It provided as follows:

> THIS ENDORSEMENT DATED 7/6/2016 SUPERSEDES ANY AND ALL PREVIOUS ENDORSEMENTS CONTAINING THE OWNERS LIST FOR ZEPHYR HOUSEBOAT, LLC. THIS POLICY PROVIDES COVERAGE FOR 16 OWNERS. THIS IS A NAMED-OPERATOR POLICY, WITH ALL OWNERS LISTED ON THE POLICY AS ADDITIONAL-NAMED INSUREDS. OTHERS MAY STEER THE VESSEL, HOWEVER ONE OF THE OWNERS LISTED BELOW MUST BE ON BOARD WHILE UNDERWAY.
>
> 1. JOE LANGSTON
> 2. JOHN RUPPERT
>    . . .
> 16. LOUIS KNOBBE

26. Based on allegations of the prior complaint, including ¶¶11-17, Markel was on notice of Plaintiffs' claims for damages due to negligence of the prior defendants resulting in John Ruppert's electrocution on June 9, 2016. Because all the prior defendants are insureds, there would have been a duty to defend and/or

indemnify them for bodily injury arising from ownership, maintenance or use of the insured houseboat, absent some applicable exclusion precluding coverage.

27. The Markel policy specifically excluded coverage for "bodily injury . . . sustained by any insured . . ."

28. Based on ¶¶8-9 and ¶18 of the prior complaint, Markel was on notice that Plaintiffs were not owners of Zephyr Houseboat LLC. Rather, William and Margaret West were "the only members, officers or shareholders of Zephyr Houseboat LLC." "No membership unit or shares of the LLC have been issued to individual owners generally, nor were membership units or shares in Zephyr Houseboat, LLC issued to John and Kristen Ruppert."

29. Notwithstanding notice of these factual allegations in the complaint in the prior litigation, Markel's denial asserted that John Ruppert was an "owner" of Zephyr Houseboat LLC and therefore his bodily injury claim was not covered. On that false basis, Markel denied coverage and defense to the prior defendants.

30. Based on its market position and history of sales of marine insurance products in Arizona, Markel knew or should have known that Zephyr Houseboat LLC and other houseboat entities that it insures on Lake Powell are not owned by their timeshare members. Markel did nothing to investigate ownership of Zephyr Houseboat LLC. Had it done so, facts regarding non-ownership alleged in Plaintiffs prior complaint would have been confirmed, rendering Markel's ambiguous policy exclusion inapplicable.

31. Markel had a duty to protect the prior defendants by defending the case while investigating coverage but failed to do so.

32. Markel could have defended under a reservation of rights while it investigated Plaintiffs' claims but failed to do so.

33. Under its policy and Arizona law, Markel owed the prior defendants a defense to the prior litigation. When Markel refused to defend on September 5, 2017, Markel materially breached its contract with the prior defendants.

34. Under its policy and Arizona law, Markel owed the prior defendants indemnification. When Markel denied coverage on September 5, 2017, it anticipatorily repudiated its obligation to indemnify and in doing so materially breached its contract.

35. When Markel denied coverage on September 5, 2017, it violated its obligation to attempt to use its available liability limits to protect the prior defendants. In doing so, it materially breached its contract.

36. Because of Markel's material breaches described above, the prior defendants had a judgment entered against them in the amount of $13,200,000 that otherwise would have been avoided. Markel is liable for the full amount of the judgment entered against its insureds.

37. Plaintiffs assert this breach of contract claim against Markel as assignee of the prior defendants.

## COUNT TWO
### Bad Faith

37. All of the above-stated allegations of the Complaint are incorporated herein by this reference.

38. Under Arizona law, a duty of good faith and fair dealing is implied as a matter of law to be a part of Markel's policy.

39. The duty of good faith and fair dealing required Markel to defend the prior defendants while it conducted a coverage investigation, and to otherwise provide equal consideration to the interests its insureds.

40. When Markel denied coverage on September 5, 2017, it elevated its own financial interests above its insureds and breached its duty of good faith and fair dealing to the prior defendants.

41. Markel's bad faith conduct resulted in a judgment against the prior defendants in the amount of $13,200,000. Had Markel not acted in bad faith, this

judgment would have been avoided. Markel is liable for the full amount of the judgment entered against its insureds.

42.  Plaintiffs assert this bad faith claim against Markel as assignee of the prior defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray as follows:

a. For an award against Markel in the amount of the underlying judgment against the prior defendants, i.e., $13,200,000, plus interest from the date rendered until paid;

b. For exemplary or punitive damages according to proof;

c. For their reasonable attorney fees and costs pursuant to A.R.S. §12-341.01;

d. For pre-judgment and post-judgment interest as provided by law; and

e. For such other relief as is just and proper.

## VII.  DEMAND FOR JURY TRIAL

Under FRCP 38 plaintiffs demand trial by jury.

DATED this 5th day of April, 2018.

By: /s/ *Robert Hommel*
Robert J. Hommel, Bar No. 009725
Robert J. Hommel, P.C.
9304 E. Raintree Drive, Suite 100
Scottsdale, Arizona 85260
Phone: (480) 778-0123
rhommel@hommelpc.com

*Attorneys for Plaintiffs Kristen Ruppert, J.R. and K.R.*