**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Kristen Ruppert, Brian Heider, and Henry Lynn Massey, | No. CV-18-08078-PCT-SMB |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| Markel American Insurance Company, | |
| Defendant. | |

Pending before the Court is Plaintiffs' Motion For Leave To File An Amended Complaint and Join Parties To Action. (Doc. 44, "Mot."). Plaintiffs seek leave to amend the complaint to add William and Margaret West (the "Wests") as plaintiffs and to add Markel Service, Incorporated and Markel Corporation as defendants. Defendant Markel American Insurance Company filed an objection, (Doc. 50, "Resp."), and Plaintiffs filed a Reply, (Doc. 57, "Reply").

**I. Background**

The Complaint was filed on April 5, 2018. (Doc. 1). The claims arise from the denial of insurance claims made after John Ruppert was electrocuted on a houseboat on June 9, 2016. Plaintiffs brought suit against Zephyr Houseboat, L.L.C. ("Zephyr"), Lake-Time, L.L.C. ("Lake-Time"), Houseboat Management Services, Inc. ("HMSI"), and the Wests in the underlying suit. Defendant disclaimed coverage for Plaintiffs in that lawsuit. Following the disclaimer, Plaintiffs entered into a *Damron* agreement with the defendants in which those defendants stipulated to a judgment and assigned to Plaintiffs all claims

against Markel American Insurance Company ("Markel American") arising out of the incident. This suit was filed alleging breach of contract and bad faith.

The Wests are the only members, officers, or shareholders of Zephyr, Lake-Time, and HMSI. The Wests are not insureds under the policy but obtained the insurance on behalf of Zephyr, Lake-Time, and HMSI. That insurance was provided by Markel American. Markel American is a wholly owned subsidiary of Markel Corporation ("Markel Corp."). Markel Service, Incorporated ("Markel Service") is a wholly owned subsidiary of Markel Corp.

On August 8, 2018, the Court issued its Rule 16 scheduling order, which set the deadline for joining parties and amending pleadings at 60 days from the date of the order. (Doc. 20). This deadline was extended twice, without objection, and the current deadline for joining parties and amending pleadings is March 29, 2019. (Doc. 36).

**II. Legal Standard**

Except for amendments made "of course" or pursuant to stipulation, leave of court is required to amend a pleading. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.* "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation marks and citation omitted). The underlying purpose and policy of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citation omitted). The Court must consider the following five factors when deciding whether to grant a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the movant has previously amended its complaint. *Id.* Not all of the factors are given the same weight, and the Ninth Circuit gives the greatest weight when considering any prejudice to the opposing party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (citation omitted) (emphasis in original).

The Ninth Circuit has stated that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "However, denial on [the ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411 OWW/GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which determines the propriety of a motion to amend by ascertaining the presence of any of [the] factors." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (internal quotation marks and citation omitted). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

**III. Analysis**

Defendant opposes the proposed amendments arguing that they are futile. (Resp. at 3). Defendant argues that the Wests are not a party to the insurance contract and so they lack any basis on which to sue. (Resp. at 4). Defendant argues that Markel Corp. and Markel Service should not be added as defendants because neither of those entities are insurance companies and lack privity of contract with Plaintiffs. (Resp. at 5). Defendant further claims that Plaintiffs cannot support the alter-ego allegations. (*Id.*).

**A.** *The Wests*

There is no allegation in the proposed amended complaint that the Wests are insured or were party to the insurance contract. The only allegation is that they were principles in the companies that were insured. Generally, there must be privity of contract before one may seek to enforce or defeat the contract. *Samsel v. Allstate Ins. Co.*, 19 P.3d 621, 625 (Ariz. Ct. App. 2001) (citation omitted), *vacated on other grounds by Samsel v. Allstate*

*Ins. Co.*, 59 P.3d 281 (Ariz. 2002). However, as Plaintiffs points out, a third-party beneficiary may be able to sue to enforce a contract. *Id.*; *see also Araiza v. U.S. West Bus. Res., Inc.*, 904 P.2d 1272, 1278 (Ariz. Ct. App. 1995). "Whether one is a third-party beneficiary presents a question of law for the court." *Samsel*, 19 P.3d at 625.

Plaintiffs argue that the Wests are the intended beneficiaries of the insurance policy and thus are proper plaintiffs. (Reply at 2). That alone is not enough. Under Arizona law, in order for a person to recover as a third-party beneficiary under a contract, the contract itself must indicate an intention to benefit that person. *Norton v. First Fed. Sav.*, 624 P.2d 854, 856 (Ariz. 1981). "The contemplated benefit must be both intentional and direct . . . , and 'it must definitely appear that the parties intend to recognize the third party as the primary party in interest.'" *Id.* (quoting *Irwin v. Murphey*, 302 P.2d 534, 538 (Ariz. 1956)). The Wests provide no explanation as to why they should be considered third-party beneficiaries other than because they own the companies that were insured. A conclusory allegation is insufficient. However, leave to amend will be granted.

### B. *Markel Corporation and Markel Service*

There is no question that Markel Corp. and Markel Service are not parties to the insurance contract. Plaintiffs don't assert such a direct claim against the new defendants and so the Court will not address Defendant Markel American's arguments about privity of contract. Instead, Plaintiffs propose to add Markel Corp. and Markel Service as defendants under alter ego and joint enterprise theories. As Plaintiffs point out, Arizona allows an insured to sue the parent of their insurance company under an alter ego theory. *Gatecliff v. Great Republic Life Ins. Co.*, 821 P.2d 725, 728 (1991). The elements of alter ego liability are: (1) a unity of interest and/or substantial control by a parent corporation over the acts of its subsidiaries; and (2) that observance of the corporate form would sanction a fraud or promote injustice. *Dietel v. Day*, 492 P.2d 455, 457 (Ariz. Ct. App. 1972).

Here, Plaintiffs' proposed amended complaint alleges:

> (a) Profits made on policies issued by Markel American are

> shared with Markel Corp[.];
> (b) Markel American has no employees of its own;
> (c) Administration and claims handling on policies issued by Markel American is performed by employees of Markel Service;
> (d) Markel American and Markel Service are backed by the financial strength of Markel Corp.;
> (e) Markel Corp. operates through various subsidiaries in various states, and these subsidiaries, including Markel American and Markel Service, are mere conduits that allow MARKEL to conduct business in those states.

(Doc 45-1 ¶ 11).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the proposed amended complaint pleads enough facts to support adding Markel Corp. and Markel Service as defendants.

**IV. Conclusion**

**IT IS ORDERED granting in part and denying in part** Plaintiffs' Motion For Leave To File An Amended Complaint and Join Parties To Action. (Doc. 44). Plaintiffs' Motion is granted as to adding Markel Corp. and Markel Service as defendants. The Motion is denied as to adding the Wests as plaintiffs. Plaintiffs shall file the proposed amended complaint no later than July 8, 2019 without adding the Wests. Plaintiffs may file a second motion for leave to file a second amended complaint if they believe they can cure the deficiencies with respect to the Wests. Any such motion shall be made no later than July 15, 2019.

Dated this 28th day of June, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge